UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JIMMY EARL DOWNS,            )
                             )
            Petitioner,      )      Case No.: 2:10-cv-01444-GMN-PAL
    vs.                      )
                             )      **ORDER**
WARDEN BRIAN WILLIAMS, et al.,)
                             )
            Respondents.     )
                             )

Petitioner has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). Petitioner has also now paid the $5.00 filing fee for the petition (ECF No. 5). The Court has reviewed the petition and finds that it must be DISMISSED, as it fails to raise a claim subject to review under section 2254. *See* Rules Governing Section 2254 Cases, Rule 4.

**I.     Discussion**

Petitioner attacks the validity of prison disciplinary proceedings in which he was charged and found guilty of sexual harassment, and was sanctioned with 180 days in disciplinary segregation. The sanction was served between November 29, 2009 and May 23, 2010. The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a). That statutory language has been interpreted as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238, 88 (1968); *see also Maleng v. Cook*, 490 U.S. 488, 490-491 (1989). The petition must be dismissed as petitioner has already served the "sentence"

he is attempting to attack.

Moreover, because petitioner claims he was wrongly placed in disciplinary segregation, the claim raised here is more an attack on the conditions under which he has been confined, not the fact of his confinement by state officials. Attacks related to the conditions of confinement may be properly brought to this court in a civil rights action under 42 U.S.C. § 1983. Accordingly, this petition must be dismissed.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Petitioner's petition for writ of habeas corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE.** The Clerk shall enter judgment accordingly.

DATED this 17th day of November, 2010.

_____
Gloria M. Navarro
United States District Judge